IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

**BRAD KLINGE**                                                                         **PLAINTIFF**

vs.                                          No. 2:20-cv-____

**KIMBERLY LEATHERWOOD**                                   **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Brad Klinge ("Plaintiff"), by and through his attorneys, Emily S. Alcorn of McWherter Scott Bobbitt, PLC, and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Kimberly Leatherwood ("Defendant"), he does hereby state and allege as follows:

### I.     INTRODUCTION

1. Plaintiff brings this case in connection with a case brought in the Western District of Texas, case number 5:20-cv-470-XR (hereinafter the "Texas case"), an action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of KBL Associations, LLC's failure to pay Plaintiff an overtime premium as required by the FLSA.

2. Kimberly Leatherwood was dismissed from the Texas case due to lack of personal jurisdiction.

3. This lawsuit alleges that Kimberly Leatherwood is individually liable as an employer under the FLSA due to her position in KBL Associates, LLC ("KBL"), and that she is liable to the same extent as KBL.

1

4. The narrow purpose of this Complaint is to allege that Defendant has liability under the FLSA to the same extent that KBL does. Plaintiff does not ask this Court to decide the liability of KBL.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Tennessee has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Defendant resides in the Eastern District of Tennessee, Northeastern Division. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff is a citizen and resident of Guadalupe County, Texas.

8. Defendant is an individual and a resident of Tennessee.

9. Defendant maintains a website at https://kblassociatesllc.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant is an owner, principal, officer and/or director of KBL.

12. KBL is a limited liability company registered to do business in Tennessee.

13. Defendant manages and controls the day-to-day operations of KBL, including but not limited to the decision to not pay Plaintiff an overtime premium.

14. Defendant and KBL provide consulting services for other businesses.

15. In the Texas case, KBL has admitted that it is an employer under the FLSA and that Plaintiff was entitled to the rights, protection and benefits provided under the

FLSA. *See* Defendant's Answer ¶¶ 18 and 21, ECF No. 6, Case No. 5:20-cv-470-XR (W.D. Tex.).

16. Defendant was also Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

17. Plaintiff was employed by Defendant and KBL as a Business Consultant in Texas during the time period relevant to this lawsuit.

18. Plaintiff worked for Defendant and KBL during the three years preceding the filing of this Complaint.

19. Defendant is the Managing Partner of KBL.

20. Defendant personally made the decision to hire Plaintiff.

21. Defendant personally made the decision to fire Plaintiff.

22. Defendant personally determines what fringe benefits to offer to employees.

23. Defendant personally determines what new business to pursue.

24. Defendant personally decides when, where and how to advertise KBL.

25. When KBL acquires a new customer, Defendant personally decides which Business Consultant the new customer will be assigned to.

26. Defendant herself hosted and was in charge of monthly video conferences with KBL's employees.

27. Defendant personally reviewed and approved time cards submitted by Plaintiff.

28. Defendant personally decided how Plaintiff would be classified under the FLSA (i.e., hourly or salary).

29. At all times material hereto, Plaintiff has been entitled to the rights,

protection and benefits provided under the FLSA.

30. Plaintiff was employed by Defendant and KBL as an hourly-paid Business Consultant from August of 2019 until March of 2020.

31. Plaintiff regularly worked in excess of forty (40) hours per week.

32. Defendant and KBL paid Plaintiff his regular hourly rate for all hours worked, including hours worked in excess of forty (40) per week.

33. Defendant and KBL did not pay Plaintiff an overtime premium of one and one half (1.5) times his regular hourly rate for all hours worked in excess of forty (40) per week.

34. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

## V. CLAIM FOR RELIEF
### (Claim for Violation of the FLSA)

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

30. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

31. At all relevant times, Plaintiff has been an "employee" of Defendant and KBL as defined by 29 U.S.C. § 203(e).

32. At all relevant times, Defendant and KBL was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

33. 29 U.S.C. §§ 206 and 207 requires any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a

week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

34. Defendant and KBL failed to pay Plaintiff an overtime premium as required under the FLSA.

35. At all relevant times, Defendant and KBL willfully failed and refused to pay Plaintiff a proper overtime premium under the FLSA because Defendant and KBL paid Plaintiff his regular hourly rate for all hours worked over forty (40) in a week.

36. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of overtime wages owed.

37. Defendant and KBL also willfully failed and refused to pay Plaintiff minimum wages for all hours he worked during his final pay period.

38. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

39. Plaintiff is entitled to an award of his attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brad Klinge respectfully requests this Court grant the following relief:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant is found to be liable to Plaintiff to the same extent that KBL is found liable in the Texas case; and

C. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF BRAD KLINGE**

*/s/ Emily S. Alcorn*
**EMILY S. ALCORN (No. 33281)**
MCWHERTER SCOTT BOBBITT, PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone: (615) 354-1144
Email: emily@msb.law

**Josh Sanford** (*pro hac vice* forthcoming)
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040